IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dexter Antonio Williams, | ) | C/A No. 0:12-1705-SB-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden of Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Dexter Antonio Williams ("Williams"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 9.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 10.) Williams filed a response in opposition. (ECF No. 14.) Having carefully considered the parties' submissions and the record in this case, the court finds that Williams's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Williams was indicted in June 2000 by the Richland County Grand Jury for two counts of armed robbery, one count of kidnapping, and one count of possession of a pistol by a person under the age of twenty-one (2000-GS-40-51648 through -51351). (App. at 138-49, ECF No. 8-2 at 51-62.) Williams was indicted in June 2001 for one count of possession of a stolen vehicle and one count of failure to stop for a blue light (2001-GS-40-52000 & -52002). (App. at 151-52, ECF No.

8-2 at 65-66 & ECF No. 8-3.) Williams was represented by W. Michael Duncan, Esquire, and Timothy F. Rogers, Esquire, and on October 10, 2001, pled guilty as charged. (App. at 21, ECF No. 8-1 at 23.) The circuit court sentenced Williams to twenty years' imprisonment for each count of armed robbery, twenty-two years' imprisonment for kidnapping, ten years' imprisonment for possession of a stolen vehicle, five years' imprisonment for possession of a pistol by a person under the age of twenty-one, and three years' imprisonment for failure to stop for a blue light, each sentence to be served concurrently. (App. at 39-41, ECF No. 8-1 at 41-43.)

Williams filed an application for post-conviction relief on March 22, 2002 ("2002 PCR"). (Williams v. State of South Carolina, 02-CP-40-1415, App. at 43-47, ECF No. 8-1 at 45-49.) On July 26, 2004, the PCR court held an evidentiary hearing at which Williams appeared and testified and was represented by Tara D. Shurling, Esquire. By order filed February 16, 2005, the PCR judge denied and dismissed Williams's PCR application with prejudice. (App. at 124-28, ECF No. 8-2 at 37-41.)

Williams, through counsel Aileen P. Clare, Esquire, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, appealed the decision of the PCR court by filing a petition for a writ of certiorari. (ECF No. 8-5.) The State filed a return. (See ECF No. 8-6.) By order filed June 28, 2007, the South Carolina Court of Appeals granted Williams's petition for a writ of certiorari. (ECF No. 8-8.) Williams, through new counsel M. Celia Robinson, Esquire, Appellate Defender with the South Carolina Commission of Indigent Defense, filed his petitioner's brief. (ECF No. 8-9.) The State filed its respondent's brief. (ECF No. 8-10.) In an opinion filed June 5, 2008, the South Carolina Court of Appeals affirmed the PCR court's denial of relief. (Williams v.

State, 662 S.E.2d 615 (S.C. Ct. App. 2008), ECF No. 8-11.)  The remittitur was issued on June 24, 2008.  (ECF No. 8-12.)

Williams filed a second application for post-conviction relief on August 31, 2009 ("2009 PCR").  (Williams v. State of South Carolina, 09-CP-40-6281, ECF No. 8-13.)  The State filed a return and motion to dismiss on September 27, 2011.  (ECF No. 8-14.)  The PCR court issued a conditional order of dismissal on April 16, 2012, in which it provisionally denied and dismissed Williams's 2009 PCR application as successive to his prior PCR application and as untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a).  (ECF No. 8-15.)  Williams did not file a response to the conditional order of dismissal.  A final order of dismissal was issued on June 12, 2012, denying and dismissing Williams's 2009 PCR application with prejudice.  (ECF No. 8-17.)

Williams filed the instant Petition for a writ of habeas corpus on June 12, 2012.[1]  (ECF No. 1.)

## FEDERAL HABEAS ISSUES

Williams raises the following grounds in his federal Petition for a writ of habeas corpus:

**Ground One:**  Double Jeopardy
**Supporting Facts:**  I was convicted of Arm Robbery of A vehicle (2000 Ford Focus) then I was Indicted for Poss. of stolen vehicle for the same (2000 Ford Focus) and covicted and given 10 years and 20 year for the Arm Robbery[.]

---

[1] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

> **Ground Two:** Invalid indictment
> **Supporting Facts:** there is no such law that says I can be charged with Arm Robbery of A vehicle. That law is Carjackin[.]

(See ECF No. 1) (errors in original).

## DISCUSSION

A.   **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Williams's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Williams's conviction became final ten days after October 10, 2001, the date of his plea and sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Thus, his conviction became final on October 22, 2001.[2] Accordingly, the limitations period began to run on October 23, 2001 and expired October 22, 2002, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying

---

[2] October 20, 2001 was a Saturday; therefore, Williams had until the following Monday, October 22, 2001 to file his direct appeal. See Rule 263(a), SCACR.



the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Williams filed his first state PCR application on March 22, 2002. At that point, 151 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of Williams's 2002 PCR action until June 24, 2008, when the South Carolina Court of Appeals issued the remittitur from its order affirming the PCR court's denial of relief. At this time, Williams had 214 days of statutory time remaining, which means that Williams had until January 26, 2009[3] to file a timely federal habeas corpus petition.

Williams filed a second PCR application on August 31, 2009. However, this application did not toll the statute of limitations for the instant federal Petition because it was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Williams's PCR application did not toll or revive the already expired statute of limitations for filing his federal habeas action. Moreover, even if it had been filed before the expiration of the deadline, it would not toll the statute of limitations because the PCR court dismissed it as untimely. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely

---

[3] January 24, 2009 was a Saturday; therefore, Williams had until the following Monday, January 26, 2009 to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").



is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Therefore, Williams's statutory deadline expired on January 26, 2009.

Williams's federal Petition was filed on June 12, 2012—over three years after the expiration of the statute of limitations.

**C.     Williams's Arguments**

In his Petition, Williams argues that the one-year statute of limitations should not apply to him because he "was never notified by anyone includ[ing] Ms. Celia Robinson that my writ of certiorari was granted then affirmed in 2008 by the Supreme Court" and that he is "just finding out about this now after [his] family contacted Robert M. Dudek." (ECF No. 1 at 13.) Williams also claims that he was never informed that he could file a federal habeas petition. (Id.) The respondent notes that Williams acknowledged the PCR court's June 5, 2008 Order in his 2009 PCR application, thus undermining Williams's argument that he is "just finding out about this." (See Respt.'s Mem. Supp. Motion Summ. J., ECF No. 8 at 23; see also 2009 PCR Application, ECF No. 8-13 at 2.) In his response to the respondent's motion, Williams appears to persist in the argument presented in his Petition, stating that he became aware of the Supreme Court's 2008 decision in 2009 when his grandmother discovered through an internet search that a ruling had been issued on Williams's PCR appeal. (ECF No. 14 at 2.) He states that when he found out that his PCR appeal had been denied, he then filed a second PCR application purportedly to address issues that he contends were not ruled on in his prior PCR action. (Id.)

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Williams must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d)



is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also Holland, 130 S. Ct. at 2562. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Williams has not established grounds for equitable tolling. Neither Williams's Petition nor his opposition response provide sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a *federal* habeas petition. See Pace, 544 U.S. at 418; see also Holland, 130 S. Ct. at 2562; Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court); Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."). Moreover, to the extent that Williams alleges that he is entitled to equitable tolling due to lack of knowledge of the law, Williams's argument is unavailing. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner,



generally does not excuse prompt filing.") (internal quotation marks and citations omitted); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, . . . claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

## RECOMMENDATION

Based upon the foregoing, the court finds that Williams's Petition was not timely filed and is therefore barred by § 2244(d).  Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 9) be granted and Williams's Petition dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 26, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).