IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2013 MAY -2 P 12: 28

| | |
|---|---|
| Dexter Antonio Williams, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 0:12-1705-SB |
| v. ) | |
| ) | |
| Warden of Lieber Correctional ) | **ORDER** |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |



This matter is before the Court upon the Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 15, 2012, the Respondent filed a motion for summary judgment, to which the Petitioner responded on November 19, 2012. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary consideration. On March 26, 2013, Magistrate Judge Paige J. Gossett issued a report and recommendation ("R&R"), finding the instant petition untimely and recommending that the Court grant the Respondent's motion for summary judgment.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

In his objections to the R&R, the Petitioner merely reiterates his claims and asserts that he did not know he could file a federal habeas corpus petition. A review of the R&R indicates that the Magistrate Judge thoroughly considered these arguments, which the Petitioner previously raised, and after a *de novo* review the Court finds no error in the Magistrate Judge's analysis. Stated simply, the Court agrees with the Magistrate Judge that the instant petition was not filed within the applicable one-year statute of limitations and that the Petitioner has not established grounds for equitable tolling. See Rouse v. Lee, 339 F.3d (4thCir. 2003) (noting that equitable tolling is only available in those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result"). Therefore, the Court adopts the R&R and overrules the Petitioner's objections.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 16) is adopted and fully incorporated herein; the Respondent's motion for summary judgment (Entry 9) is granted; the Petitioner's objections (Entry 19) are overruled; and the instant section 2254 petition is dismissed as untimely.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

May __1__, 2013
Charleston, South Carolina

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

2

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the constitutional claims is debatable or wrong or that the issues presented were adequate to deserve further attention. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the Petitioner has not met the legal standard for the issuance of a certificate of appealability. Therefore, the Court denies a certificate of appealability.



3